# Supreme Court of Texas

No. 22-0775

State of Texas,

*Petitioner*,

v.

San Antonio Independent School District
and Jaime Aquino, in His Official Capacity,

*Respondents*

On Petition for Review from the
Court of Appeals for the Fourth District of Texas

## PER CURIAM

In September 2021, the State of Texas sued the San Antonio Independent School District in response to the District's requirement that its employees take a Covid-19 vaccine by October 15, 2021. The State contended that the vaccine requirement violated gubernatorial executive order GA-39. The district court denied the State's request for a temporary injunction, and the court of appeals affirmed. The State petitioned for review.

In June 2023, we held in *Abbott v. Harris County* that GA-38—a gubernatorial order prohibiting local mask requirements—was "a valid

exercise of the Governor's authority under the Disaster Act." 672 S.W.3d 1, 21 (Tex. 2023). On September 1, 2023, Senate Bill 29 went into effect. Act of May 28, 2023, 88th Leg., R.S., ch. 336, codified as TEX. HEALTH & SAFETY CODE §§ 81.B.001–.004. This statute, with exceptions not relevant here, provides that "a governmental entity," including a school district, "may not implement, order, or otherwise impose a mandate requiring a person to be vaccinated against COVID-19." *See* TEX. HEALTH & SAFETY CODE §§ 81B.001(2), .003; TEX. GOV'T CODE § 418.004(10). Also in June 2023, both GA-38 and GA-39 expired. *See Abbott*, 672 S.W.3d at 9 n.23 (explaining why the expiration of GA-38 did not render that appeal moot).

In light of these events, we asked the parties to advise the Court as to whether further proceedings remain necessary. The State contends that the appeal is moot because the State sought a temporary injunction to enforce GA-39, which has now lapsed, and because Senate Bill 29 now statutorily prohibits any vaccine mandate imposed by the ISD. The ISD does not contend that it retains authority to impose vaccine requirements in spite of Senate Bill 29. It nevertheless argues that a live controversy remains because the parties disagree about the scope of the Governor's authority during future disasters.

We agree with the State that this appeal is moot. Neither the enforceability of the ISD's vaccine mandate, which the parties agree is barred by Senate Bill 29, nor the enforceability of executive order GA-39, which has expired, remains a live controversy between the parties. The remaining controversy posited by the ISD—the parties' disagreement about the Governor's power in hypothetical future disasters—raises

merely an "abstract question of law," and any judicial opinion addressing that disagreement would be impermissibly advisory. *See Abbott v. Mexican Am. Legis. Caucus, Tex. House of Representatives*, 647 S.W.3d 681, 689 (Tex. 2022).

This interlocutory appeal should therefore be dismissed as moot and the judgment of the court of appeals vacated. *See* TEX. R. APP. P. 56.2; 60.2(e). The State further requests that we vacate the opinion of the court of appeals in addition to vacating its judgment. *See Morath v. Lewis*, 601 S.W.3d 785 (Tex. 2020). The ISD does not agree, but it offers no argument to the contrary. We agree with the State that the public interest is best served by vacatur of the court of appeals' opinion, which conflicts in many respects with this Court's opinion in *Abbott v. Harris County*, 672 S.W.3d 1, and which the State has been prevented from challenging on the merits due to mootness. *Morath*, 601 S.W.3d at 791.

The petition for review is granted, the judgment and the opinion of the court of appeals are vacated, and the appeal is dismissed. *See* TEX. R. APP. P. 59.1; 56.2; 60.2(e).

**OPINION DELIVERED:** October 27, 2023